Craig A. Crispin, OSB No. 82485
crispin@employmentlaw-nw.com
Shelley D. Russell, OSB No. 94068
shelley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
       Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
### Portland Division

| | |
|---|---|
| **ELLEN TOPNESS,** | Civil No. |
|     Plaintiff, | |
| v. | |
| **CASCADIA BEHAVIORAL HEALTHCARE, INC.,** a domestic nonprofit business corporation; and **ERIN ELIZONDO, MELISA FINCH,** and **ERIC SEVOS**, individuals, | **COMPLAINT**<br>(Disability Discrimination, Medical Leave Interference, Whistleblower Retaliation, Wrongful Discharge) |
|     Defendants. | **JURY TRIAL REQUESTED** |

### NATURE OF THE ACTION

1.    This is an action under the Americans with Disabilities Act (ADA), 42 U.S.C. §

12111 et seq., and the Family Medical Act (FMLA), 29 U.S.C. § 2601-2654 to correct unlawful

employment practices on the basis of disability and the use of medical leave, to vindicate

plaintiff's rights and the rights of others to the protections of the ADA and the FMLA to equal

treatment in the work place without regard to disability or medical restrictions, and to make

plaintiff whole.

2.      This is also an action for violation of the Oregon Family Leave Act (OFLA), ORS

659A.150 *et seq*., Oregon's Discrimination Against Disabled Person in Employment Act, ORS

659A.112, whistleblower protection under ORS 659A.199, and aiding and abetting

discrimination under ORS 659A.030(1)(g) pursuant to the court's supplemental jurisdiction.

### JURISDICTION AND VENUE

3.      This court has jurisdiction over the subject matter of this complaint pursuant to 28

U.S.C. § 1331.

4.      The court has jurisdiction over plaintiff's state law claims set forth in this

complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28

U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus

of operative fact, the state action is so related to the federal claim that they form part of the same

case or controversy, and the actions would ordinarily be expected to be tried in one judicial

proceeding.

5.      The employment practices described herein are alleged to have been committed in

the District of Oregon.

### PARTIES

6.       Plaintiff **ELLEN TOPNESS** is a resident and citizen of Washington County

Oregon who was employed by defendant in the state of Oregon. She is an eligible employee for

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

purposes of 29 U.S.C. § 2611(2) and ORS 659A.156.

7.      In or about December 2011, plaintiff was diagnosed with a neurological disorder, which substantially affects one or more major life activities, including but not limited to communicating, speaking, writing, self-care, walking, balance maintenance, manual dexterity, interacting with others, and/or working. Plaintiff's impairments substantially affect one or more major bodily functions, including her neurological system. Since her diagnosis, plaintiff has been under a treating doctor's care to manage her symptoms and maintain her health.

8.      Defendant **CASCADIA BEHAVIORAL HEALTHCARE, INC.,** ("Cascadia") is a domestic nonprofit business corporation engaged in the business of providing behavioral healthcare and housing services. At all material times, defendant employed more than 50 employees and was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

9.      Defendant **ERIN ELIZONDO** is a resident and citizen of the state of Oregon and worked as a management employee for defendant Cascadia as Program Manager and as plaintiff's direct supervisor.

10.     Defendant **DR. MELISA FINCH** is a resident and citizen of the state of Oregon and worked as a management employee for defendant Cascadia as Clinical Director.

11.     Defendant **ERIC SEVOS** is a resident and citizen of the state of Oregon and worked as a management employee for defendant Cascadia as Head of Forensics.

12.     Defendants Elizondo, Finch, and Sevos acted to help, assist, or facilitate the commission of the unlawful employment practices alleged herein, promoted the accomplishment thereof, helped in advancing or bringing them about, or encouraging, counseling or inciting as to

**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

their commission and are therefore individually liable under plaintiff's state statutory claims for relief as aiders and abettors pursuant to ORS 659A.030(1)(g).

## PROCEDURAL REQUIREMENTS

13.     Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division, and with the Equal Employment Opportunity Commission, in which she alleged the violations alleged herein.

14.     Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of the claims set forth in this complaint.

## BACKGROUND FACTS

15.     Cascadia hired Topness in or about September 2012 as a Counselor III.

16.     In about December 2012, Topness asked her supervisor, defendant Elizondo, about taking intermittent medical leave as needed to treat and manage her serious medical condition. Elizondo discouraged Topness from exercising her right to protected medical leave, stating that taking medical leave would be disruptive and would have a "negative effect on the team."

17.     Despite Elizondo's reaction, when Topness became qualified for it, she applied for intermittent protected medical leave, which was approved by Cascadia HR through May 2014. Topness complied with Cascadia's instruction to code her protected leave time, including any time missed for late arrivals or early departures related to her condition, as medical leave.

18.     Soon after Cascadia approved Topness's intermittent leave, Elizondo began targeting Topness for different, adverse treatment. For example, whereas co-workers who took

Page 4 – **COMPLAINT**

regular sick or vacation days were allowed extra time to chart and catch up their work upon

return, Elizondo demanded that Topness complete her charts immediately.

19.     Elizondo also rated Topness with a "needs improvement" for attendance on her

March 2014 performance review, referring to Topness's protected and authorized absences,

tardies, and early departures. Because some of Topness's charts were not completed due to her

protected absences, Elizondo also rated Topness a "needs improvement" in other categories as

well. When Topness objected that the adverse performance ratings were unlawful retaliation

and/or discrimination, Elizondo suggested she quit, stating "If you quit, we won't fight

unemployment."

20.     In about March 2014, Elizondo began missing more and more work on a regular

basis, appearing to be present in the office only about half time. Topness believed that Cascadia

was out of compliance with mental health provider regulations of OAR 415-057-0130(1)(a), (c)

as a result of the supervisor's increasing absences. In October 2014, Topness reported her

concerns to Elizondo's supervisor, Dr. Melissa Finch, and Eric Sevos, Head of Forensics.

21.     Topness received another extension of her intermittent leave through May 24,

2014. Most, if not all, of Topness's absences, late arrivals, and early departures were taken as

protected medical leave and were designated as such on Topness's time cards, or were taken with

advance authorization.

22.     In August 2014, Topness and Elizondo met to discuss ways Topness could

continue to do the job in light of her disability and need for protected medical leave. Elizondo

suggested the possibility of a reduced caseload. Topness agreed and requested the

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

accommodation. Elizondo then told Topness she had discussed the requested accommodation

with Clinical Director Melisa Finch, but that Dr. Finch denied such a reduction in case load,

stating, "No, because we are just enabling her in her behavior then."

23.    Elizondo then again increased scrutiny of Topness's work, accusing Topness of

falling behind in her charting and on September 3, 2014 placing Topness on a Written

Counseling with Action Plan. The Action Plan required Topness to report every week regarding

her accomplishments, subjected Topness to more frequent case auditing, and imposed other

performance monitoring measures.

24.    Cascadia did not impose such requirements on other case managers. At the time

Elizondo placed Topness on the Action Plan, purportedly due to her being behind in charting, an

estimated half or more of the Cascadia staff were consistently behind on their charting, Topness

was the only one placed on a plan. Topness was the only staff member with an intermittent

FMLA/OFLA leave in place.

25.    In late September 2014, Topness learned that Dr. Finch was in direct contact with

Dawn Cottrell, Topness's licensing clinical supervisor, questioning her about her confidential

communications with Topness and appearing to be seeking negative feedback about Topness. On

information and belief, Dr. Finch did not call other licensing clinical supervisors to inquire about

the case managers under their supervision.

26.    In October 2014, Topness reported to Dr. Finch and Sevos her concerns about

Elizondo's retaliation against her for using protected intermittent medical leave, including that

she was being held to a different standard than her colleagues, that she was being targeted for

Crispin Employment Lawyers
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

disciplinary actions and audits, and that Elizondo discouraged her request for protected medical leave and her statements that it would disrupt the team.

27.    Topness also reported Elizondo's increasing absences from the workplace and reported her belief that Cascadia was not meeting state contract requirements of OAR 415-057-0130(1)(a), (c). After this meeting, Topness continued to be subjected to increased audits, stricter charting standards, and greater scrutiny of her attendance than her colleagues.

28.    On several occasions in 2014, Topness requested that Elizondo accommodate her disabilities by providing additional time to complete her charts when she returned from medical leaves and when she had to come in late or leave early. Elizondo refused, claiming that "state and contractual obligations" precluded additional time. Contrary to Elizondo's statement, OAR 415-057-0030(6)(b) provides up to seven days for charting, and Cascadia's own policy refers only to completing charts "in a timely manner."

29.    When Topness took protected medical leave, Elizondo made critical comments about Topness' absence and joined in staff ridicule of Topness' need for leave.

30.    In early November 2014, Topness submitted a revised medical leave request, modifying the number of hours and days per week that she would need intermittent leave.

31.    On about November 20, 2014, Elizondo rummaged through Topness' desk without reason or cause, and thereafter issued Topness another "Written Warning with Action Plan," alleging that Topness left confidential chart information in her desk drawer and not placing unfiled paperwork in a locked cabinet, as was a common practice among the staff. Other staff left confidential documents on their desks or by the printer on a regular basis without

Page 7 – **COMPLAINT**

receiving written reprimands, and Elizondo herself repeatedly left confidential clinical

assessments in public areas.

32.      Topness utilized protected medical leave for a surgical procedure in late

December 2014. She returned to work January 5, 2015.

33.      On January 15, Finch, Sevos and Elizondo delivered another written warning form

to Topness citing alleged attendance issues, accusing Topness of rude and unprofessional

communication with Elizondo, and claiming she failed to complete assigned tasks. The warning

form required Topness to provide 14 days written notice of any future absences, late arrivals, or

early departures. Many, if not all, of the absences cited in the warning were protected medical

leave. Topness's co-workers were not subjected to a similar 14-day notice provision.

34.      Elizondo continued to treat Topness differently than her co-workers, repeatedly

auditing Topness's client groups, and with Program Supervisor Monica Manewal repeatedly

rummaging through Topness's desk and personal belongings.

35.      On February 18, 2015, Topness requested to leave work an hour early, which

defendant allowed for salaried employees if work was completed, and it was common practice

for staff to use such flexibility for addressing family issues, medical appointments, and the like.

Elizondo denied Topness's request purportedly because Topness did not give 14 days notice.

Topness objected. Other staff members were not required to provide 14 days notice in order to

leave work early.

36.      On February 26, 2015, Elizondo gave Topness another written warning, this time

for protesting Elizondo's retaliatory treatment. In a March 2015 performance review, defendants

**Crispin Employment Lawyers**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

again gave Topness a negative review due to protected medical leaves.

37.    On April 1, 2015, Topness requested accommodation in the form of a revised schedule with earlier start and end times to minimize her need for intermittent leave and allow her better to manage the essential functions of her position. When the revised schedule was announced, Program Supervisor Manewal was dismissive, stating "You're still going to get sick and miss work." Approximately a month later, Elizondo created a new schedule withdrawing the accommodation and imposing more difficult hours for Topness.

38.    On May 6, 2015, after Topness retained counsel and made written demand that defendants stop their discriminatory and retaliatory conduct, defendant Cascadia offered Topness a transfer to other Counselor III positions, but at a different location. Topness neither sought nor desired the offered transfer.

39.    Elizondo's discriminatory and retaliatory treatment against Topness continued until Topness finally felt she had no reasonable choice but to quit her job with defendant on October 9, 2015. Topness mitigated her damages by beginning work with another employer on about October 12, 2015.

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination/Retaliation – 42 U.S.C. § 12112)

40.    Topness incorporates by reference the allegations of paragraphs 1 through 11, 13 through 19, 21 through 26, and 28 through 39  as though fully set forth herein.

41.    Plaintiff is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a).

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

42.     Topness was qualified for her position of employment with defendant and was able to perform the essential functions of her position with reasonable accommodation or without such accommodation.

43.     Defendant violated 42 U.S.C. § 12112(a) by discriminating against Topness in the terms and conditions of her employment and in her constructive termination in substantial motivating part because of her disability.

44.     Defendant's imposition of excessive, unwarranted scrutiny, multiple written disciplinary actions, repeated audits of Topness's case files, repeated invasions of privacy, repeated negative comments about Topness's need for accommodation, refusal to provide reasonable accommodation to Topness, and other adverse actions as described herein was in substantial part due to Topness's disability and requests for accommodation in violation of 42 U.S.C. § 12112(a).

45.     As a result of defendant's conduct, Topness has suffered past economic damages in an amount to be determined at trial.

46.     Topness is entitled to reinstatement to her previous position, but if reinstatement of Topness is not feasible, Topness is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

47.     Topness is entitled to an order declaring defendant in violation of the statutory rights of Topness as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause defendant to stop its violations of law and disregard of the rights of persons protected by state and federal law.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

48.     As a further result of defendant's intentional acts alleged herein, Topness has suffered severe emotional distress and other noneconomic losses and loss of enjoyment of life for which Topness should recover such amount as may be awarded by a jury.

49.     Defendant's acts were done intentionally with a discriminatory motive and with malice or ill will or with knowledge that its actions violated federal or state law or with reckless disregard or callous indifference to the risk that its actions violated federal or state law. Defendant should be assessed punitive damages in an amount found appropriate by a jury to punish defendant and to deter defendant and others from similar conduct in the future.

50.     Topness is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988 and/or ORS 659A.885.

### SECOND CLAIM FOR RELIEF

### (Disability Discrimination/Retaliation – ORS 659A.112)

51.     Topness incorporates by reference the allegations of paragraphs 1 through 19, 21 through 26, 28 through 39, 41, 42, and 44 through 50 as though fully set forth herein.

52.     Defendant violated ORS 650A.112 by discriminating against Topness in the terms and conditions of her employment and in her constructive termination in substantial motivating part because of her disability.

53.     Defendant's imposition of excessive, unwarranted scrutiny, multiple written disciplinary actions, repeated audits of Topness's case files, repeated invasions of privacy, repeated negative comments about Topness's need for accommodation, refusal to provide reasonable accommodation to Topness, and other adverse actions as described herein was in

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

substantial part due to Topness's disability and requests for accommodation in violation of ORS 659A.112.

### THIRD CLAIM FOR RELIEF

### (Failure to Accommodate – 42 U.S.C. § 12112(5)(a)

54.    Topness incorporates by reference the allegations of paragraphs 1 through 11, 13 through 19, 21 through 26, 28 through 39, and 41 through 50 as though fully set forth herein.

55.    Defendant Cascadia failed and refused to provide Topness reasonable accommodation for the effects of her disability.

56.    Defendant Cascadia failed and refused to engage in a good faith interactive process to evaluate impediments to Topness's ability to perform the essential functions of her position and to determine what reasonable accommodations were available.

57.    Defendant's failure and refusal to provide reasonable accommodations as required by Topness and its failure and refusal to enter into an interactive process in response to her requests for accommodation were in violation of 42 U.S.C. §12112(5)(a).

### FOURTH CLAIM FOR RELIEF

### (Failure to Accommodate – ORS 659A.112, .118)

58.    Topness incorporates by reference the allegations of paragraphs 1 through 19, 20 through 26, 28 through 39, 41 through 50, 52, 53, 55 and 56 as though fully set forth herein.

59.    Defendant's failure and refusal to provide reasonable accommodations as required by Topness and its failure and refusal to enter into an interactive process in response to her requests for accommodation were in violation of ORS 659A.112 & ORS 659A.118 and OAR

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

839-006-0200(3)(e).

### FIFTH CLAIM FOR RELIEF

### (Medical Leave Interference – 29 U.S.C. § 2615(a))

60.     Topness incorporates by reference the allegations of paragraphs 1 through 6, 8 through 11, 17 through 19, 21 through 26, 29 through 39, and 45 through 47 as though fully set forth herein.

61.     Defendant's conduct as described herein above, including its issuing corrective action, denying family medical leave, and disciplining Topness for her protected absences, constitute violations under FMLA, 29 U.S.C. § 2615(a)(1) & (2) and 29 C.F.R. § 825.220(c).

62.     Topness is entitled to recover liquidated damages in an amount equal to her economic damages, plus interest, pursuant to 29 U.S.C. § 2617(a)(1)(A) & (B).

63.     Topness is entitled to recover reasonable attorneys fees and costs, plus prejudgment interest at the prevailing rate, and expert witness fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

### SIXTH CLAIM FOR RELIEF

### (Medical Leave Retaliation – ORS 659A.183(2))

64.     Topness incorporates by reference the allegations of paragraphs 1 through 6, 8 through 19, 21 through 2, 29 through 39, and 45 through 47 as though fully set forth herein.

65.     Defendant's conduct as described herein above, including its issuing corrective action, denying family medical leave, and disciplining Topness for her protected absences, constitute violations of ORS 659A.183(2).

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

## SEVENTH CLAIM FOR RELIEF

### (Whistleblower Retaliation – ORS 659A.199)

66.     Topness incorporates by reference the allegations of paragraphs 1 through 6, 8 through 21, 23 through 27, 29 through 39, and 45 through 50 as though fully set forth herein.

67.     It is an unlawful employment practice to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

68.     Topness's reports of Elizondo's increasing absences causing defendant to be out of compliance with state laws or regulation pertaining to mental health treatment constituted reports of information Topness reasonably believed was evidence of a violation of state laws, rules, or regulations.

69.     Defendant discriminated against Topness and retaliated against her in substantial motivating part due to and because of her reports of a violation of law, rule, or regulation, in violation of ORS 659A.199.

## EIGHTH CLAIM FOR RELIEF

### (Wrongful Discharge)

70.     Topness incorporates by reference the allegations of paragraphs 1 through 6, 8 through 11, 17 through 20, 23 through 27, 29 through 39, 45 through 49, 61, 65, and 67 through 69 as though fully set forth herein.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

71.    Topness's termination, as set forth herein, was motivated in substantial part by her pursuit of rights related to her role as an employee, which rights are of important public interest, *i.e.,* her taking family medical leave, and in violation of a duty imposed upon defendant by an established public policy.

72.    Topness does not have available to her adequate remedies under her Fifth and Sixth claims for relief, and as a result she is entitled to such remedies as exceed those awarded under such claims.

73.    The remedies provided under plaintiff's Seventh claim for relief are in addition to any common law remedy or other remedy that may be available to an employee for the conduct constituting a violation of ORS 659A.199, and as a result she is entitled to such remedies as exceed those awarded under such claim.

### PRAYER FOR RELIEF

WHEREFORE, Topnesss requests the court to:

1.    Assume jurisdiction over each of the causes set forth herein.

2.    Declare defendants in violation of the statutory claims stated in plaintiff's First through Seventh claims for relief.

3.    Grant such injunctive relief as may be appropriate on each of plaintiff's claims for relief.

4.    Award Topness compensation for her economic damages, lost earning capacity, and lost future earnings and benefits of employment.

5.    Order defendant to make Topness whole by providing compensation for personal,

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

noneconomic damages, including physical and emotional pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life in amounts as are determined at trial.

6.      Assess against defendants such amounts of punitive damages as are determined by a jury to punish defendants and to deter defendants and others from similar conduct in the future.

7.      Award Topness her costs of suit and reasonable attorney fees, costs and expert witness fees on plaintiff's First through Seventh claims for relief.

8.      Order defendants to pay prejudgment and postjudgment interest on all amounts due to Topness as a result of this action, with interest at the prevailing state or federal rate.

9.      Order such further or alternative relief in favor of Topnesss as the court deems appropriate.

### JURY TRIAL DEMAND

Topness demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

### CRISPIN EMPLOYMENT LAWYERS

By:     /s/Craig A. Crispin
        Craig A. Crispin, OSB No. 82485
        crispin@employmentlaw-nw.com
        Of Attorneys for Plaintiff

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770