IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELLEN TOPNESS,

        Plaintiff,

        v.

CASCADIA BEHAVIORAL HEALTHCARE,
a domestic nonprofit business corporation; and
ERIN ELIZONDO, and MELISA FINCH,
individuals,

        Defendants.

No. 3:16-cv-02026-AC

OPINION & ORDER

HERNANDEZ, District Judge:

    Magistrate Judge Acosta issued a Findings & Recommendation (#44) on November 3, 2017, in which he recommends the Court grant in part and deny in part both Plaintiff's motion for attorney's fees and her cost bill. Plaintiff has timely filed objections to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings &

1 - OPINION & ORDER

Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and other than the issues discussed below, conclude there is no basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation. I adopt the Findings & Recommendation in part and modify it in part.

In his decision, Judge Acosta reduced Plaintiff's attorney's fee request based on his determinations that: (1) the terms of Defendants' Offer of Judgment which Plaintiff accepted allowed for fees incurred only up to the date of the Offer of Judgment and not thereafter; (2) the requested hourly rates for three attorneys and one paralegal were too high; and (3) some of the hours claimed were not reasonably expended. F&R at 6-20. He also reduced the requested costs because some amounts claimed were unsubstantiated and Plaintiff was not entitled to a prevailing party fee. *Id.* at 20-23.

Plaintiff objects only to the hourly rate determinations.[1] I have reviewed the entire F&R and find no error in the determinations made about the dates for which attorney fee's may be

---

[1] Plaintiff argues that this Court's Local Rules prohibit replies in attorney fee motions. Plaintiff is mistaken. Local Rule 54-3 governs motions for attorney's fees. Rule 54-3(a) addresses the motion requirements. Rule 54-3(b) addresses objections and responses and specifically allows a reply: "Objections and responsive materials are due not later than 14 days after service of the motion. *Replies, if any, must be filed not later than 14 days after service of the objection.*" Loc. R. 54-3(b) (emphasis added). Moreover, even if Plaintiff erroneously believed that replies were not routinely allowed, experienced practitioners such as Plaintiff's attorneys are well aware that Plaintiff could have moved for leave to file a reply.

incurred under the terms of the Offer of Judgment or in the reductions for time spent. I also find no error in the reductions to the requested costs. I address only the hourly rates.

Judge Acosta recited the correct law for determining a reasonable hourly rate. F&R at 8. As Judge Acosta also noted, this Court's Local Rules make clear that the Court "uses the most recent Oregon State Bar Economic Survey as its initial benchmark." Loc. R. 54-3. The rule acknowledges that "[a]ttorneys may argue for higher rates based on inflation, specialty, or other factors." *Id.* The Court requests, however, that fee petitions address the survey and provide justification for requested hourly rates higher than reported there. *Id.*

Plaintiff seeks attorney's fees for lead attorney Craig Crispin, attorneys Shelley Russell and Paul Judd, and paralegals Jacqueline Burnett and David Zambrano. Judge Acosta awarded the requested rate of $75 for time spent by Zambrano, but reduced the requested hourly rates for all other practitioners.

I. Crispin

Crispin supported the attorney's fee request with a Memorandum, his own Declaration, and the Declaration of Portland attorney Courtney Angeli. ECF 27, 29, 30. Judge Acosta noted several facts related to Crispin's requested hourly rate of $525, including his law school graduation, his membership in both the Oregon and Washington Bars, that he is the managing shareholder and president of his firm, that he has practiced in the area of complex employment law and employment-related civil rights litigation for the past thirty-five years, that he has been recognized annually as an Oregon Super Lawyer in the areas of employment and labor and employment litigation since 2006, and has been on the "List of Best Lawyers in America - Employment Law - Individuals" since 2015. F&R at 8.

Judge Acosta did not expressly mention that during his career, Crispin has litigated hundreds of federal court cases, has handled numerous appeals in the Ninth Circuit, and has argued before the United States Supreme Court. Crispin Decl. ¶ 10, ECF 27. Judge Acosta also did not mention that Crispin is the author of a number of articles and program materials and speaks on labor and employment litigation topics. *Id.* ¶ 19. He has also been invited to speak at the annual meetings of the American Bar Association and the National Employment Lawyers Association. *Id.* ¶ 20. He has served as an officer and member of the Executive Committee of the Oregon State Bar Section on Disability Law and the Labor and Employment Section. *Id.* ¶ 21. He is a member of the Oregon State Bar Disciplinary Board. *Id.*

As instructed by the Court, Crispin cites to the most recent Oregon State Bar Economic Survey ("the 2012 Survey"). *Id.* ¶¶ 53-56. While Crispin disputes the relevance and weight the Court should give to the 2012 Survey, he notes that the 2012 Survey shows an average billing rate for Portland attorneys with over thirty years of experience at the 75th and 95th percentiles as $400 and $500 respectively. *Id.* ¶ 55; *see also* Angeli Decl., Ex. A, ECF 29-1 (2012 Survey showing (1) average 2012 hourly billing rate for private practice attorneys in Portland without regard to years of experience or area of practice, to be $350 for the 75th percentile and $450 for the 95th percentile; (2) average 2012 hourly billing rate for private practice attorneys in Portland with more than thirty years of experience to be $400 for the 75th percentile and $500 for the 95th percentile; (3) average 2012 hourly billing rate for private practice attorneys in Portland without regard to years of experience but whose area of practice is plaintiff's civil litigation excluding personal injury, to be $300 for the 75th percentile and $400 for the 95th percentile).

Crispin states that in his opinion, the prevailing market rate for an attorney with thirty-

five or more years of experience performing complex litigation in a specialty area such as employment litigation comparable to his, is in the upper percentile of rates charged and ranges from $475 to $575 per hour. Crispin Decl. ¶ 29. The relevant market for comparison is Portland. *Id.* He explains that updated by the Bureau of Labor Statistics Consumer Price Index, the 2017 hourly rates range from approximately $430 to $540. *Id.* ¶ 55. His requested $525 hourly rate is consistent with those rates. *Id.* Moreover, he explains that he knows of no other lawyer in Oregon with his combination of exclusive work in employment law, peer recognition, organization ratings, professional assessments, and speaking engagements. *Id.* ¶ 53.

Angeli, an employment law practitioner, opines that the requested hourly rate is reasonable. Angeli Decl. ¶ 23, ECF 29. She notes that Crispin is among the most experienced and respected employment lawyers in Portland and the state, is an extremely skilled practitioner, and is "truly a market leader." *Id.* She describes him as being "among the best in the employment law arena[.]" *Id.* Further, she believes that Crispin's "exceptional credentials and accomplishments truly qualify him to be in the top 1% of attorneys with comparable years of experience." *Id.* ¶ 28.

Judge Acosta recognized Crispin's unique expertise in the area of employment litigation and extensive experience as a lawyer generally. F&R at 9. Then, he awarded Crispin $400 per hour which he found commensurate with the 75th percentile for Portland attorneys with over thirty years of experience based on the 2012 Survey. *Id.* He also found that the rate was consistent, when adjusting for inflation, with hourly rates previously awarded to Crispin by judges in this district. *Id.* (citing hourly rates of $325 and $353.17 in 2012 and $325 in 2010).

Judge Acosta's comparison to rates awarded in 2012 and 2010 is inapt. In the three

5 - OPINION & ORDER

decisions he cited, the hourly rates awarded were based on the 2007 Oregon State Bar Economic Survey ("the 2007 Survey"), for practitioners with less than thirty years of experience. *Marquez v. Harper Sch. Dist. No. 66*, No. 2:09-cv-01254-SU, 2012 WL 2469545, at *4, *7 (D. Or. June 26, 2012) (reciting rates from the 2007 Survey for Portland lawyers with twenty-one to thirty years of experience, and awarding Crispin $325 per hour), *affi'd in part & rev'd in part*, 546 F. App'x 659 (9th Cir. 2013)[2]; *Davis v. Wal-Mart Stores, Inc.*, No. 3:09-cv-01488-MO, 2012 WL 1424105, at *1 (D. Or. Apr. 23, 2012) (discussing 2007 Survey rates for Portland practitioners with twenty-one to thirty years of experience); *Hamrick v. Aqua Glass, Inc.*, No. CIV. 07-3089-CL, 2010 WL 935478, at *3, *4 & n.2 (D. Or. Mar. 12, 2010) (discussing 2007 Survey and noting that Crispin had twenty-eight years of experience). Because these decisions all relied on a different category of experience than Crispin has now, they do not provide an adequate basis upon which to determine the rate today, even when adjusted for inflation.

Judge Acosta also fails to explain why he chose a rate "commensurate with the 75th percentile" for Portland attorneys with more than thirty years of experience. F&R at 9. More recent decisions from judges in this district have awarded a rate higher than the 75th percentile rate for certain attorneys. In a December 29, 2017 decision, Judge Mosman noted that the Court usually limits rates to the 75th percentile of the Oregon State Bar survey. *Chatelain v. Country Mut. Ins. Co.*, No. 3:15-cv-02013-MO, 2017 WL 6663901, at *7 (D. Or. Dec. 29, 2017) (citing *Prison Legal News v. Umatilla Cty.*, No. 2:12-cv-01101-SU, 2013 WL 2156471, at *4 (D. Or.

---

[2] Notably, the Ninth Circuit reversed the district court's reasonable hourly rate, finding that the district court abused its discretion by relying on the case's lack of complexity in setting the reasonable hourly rate and failing to explain why it did not adjust the rate for inflation or the delay in payment. 546 F. App'x at 660. Moreover, the Ninth Circuit stated that the district court may have used the 2007 Survey to "artificially limit rates to 2006 levels." *Id.*

6 - OPINION & ORDER

May 16, 2013)), *appeal filed*, No. 18-35037 (9th Cir. Jan. 16, 2018). However, he awarded an hourly rate above that percentile based on the practitioners' significant experience in their particular practice areas of insurance coverage and insurance dispute litigation. *Id.* at *6-8. For an attorney with ten years of experience practicing law, Judge Mosman cited the 2012 Survey's average hourly rate, the 95th percentile rate, and the 75th percentile rate. *Id.* at *7. Although the $350 hourly rate he awarded exceeded the 75th percentile "for attorneys in Portland with similar experience," Judge Mosman reasoned that the attorney's "significant experience in insurance coverage" justified the higher rate. *Id.* Judge Mosman used the same reasoning in awarding $450 per hour to an attorney with forty-four years of experience practicing law. *Id.* In awarding this rate, Judge Mosman noted that the attorney's requested rates of $500 to $520 per hour met or exceeded the 95th percentile of rates for attorneys with similar experience as noted by the 2012 Survey. *Id.* Although the awarded hourly rate exceeded the 75th percentile rates for similarly experienced attorneys, Judge Mosman cited the attorney's "significant experience litigating insurance disputes" to justify a rate higher than the 75th percentile rate. *Id.*

Judge Mosman's reasoning implicitly recognizes a flaw in the Oregon State Bar surveys. The 2012 Survey has various categories for rates. And, it remains an excellent starting point for an assessment of market rates. But, no category contains a rate reflecting both years of experience and practice in a highly specialized area of law. While a certain amount of expertise may be presumed when looking at reasonable hourly rates for a seasoned lawyer, there is still a need to recognize a very experienced lawyer who has spent his or her entire career in a particular specialty and who, like Crispin, is sought out by his peers as an expert.

In another recent decision, Judge Simon also awarded an hourly rate higher than the 75th

7 - OPINION & ORDER

percentile for Portland attorneys with more than thirty years of experience. *Trimble v. Kroger Co.*, No. 3:17-cv-230-SI, 2017 WL 6419115, at *3 (D. Or. Dec. 15, 2017). The defendant objected that the plaintiff had failed to justify a rate higher than the $400 hourly rate reflected by the 75th percentile of the 2012 Survey for an attorney with thirty-eight years of experience. *Id.* Judge Simon found the 2012 Survey to be "outdated." *Id.* He awarded $450 per hour, a rate higher than the 75th percentile rate, based on the plaintiff's argument that because rates increased over 14% between the 2007 and 2012 Surveys, the rates from the 2012 Survey should be increased by that amount. *Id.* Judge Simon also cited the attorney's "further accrued experience" since awards made two years earlier. *Id.* (noting that while the inflation-based "methodology does not produce a perfectly reliable estimate of the 'prevailing market rates in the relevant community,' it does lend support to Plaintiff's inflation-based argument for an hourly rate at the higher end of the spectrum of fees described in the OSB 2012 Survey" and finding that "inflation and [the attorney's] further accrued experienced" justified an increase in the hourly rate).

Like Judge Mosman's decision, Judge Simon's decision recognizes the lawyer's continued experience since previous awards which provides a reasonable basis for awarding a fee higher than the 75th percentile rate. Judge Acosta's decision does not address the issue.

I find the proper hourly rate for Crispin to be $450, the same rate recently awarded by two other judges in this district to similarly-experienced practitioners. An award of higher than the 75th percentile is justified by Crispin's substantial experience in a complex area of law and by his recognized expertise in this area.

II. Russell

Russell has twenty-three years of experience practicing law, primarily in employment

litigation. F&R 9-10; Russell Decl. ¶¶ 10-13. She is a shareholder of her firm, has been recognized as an Oregon Super Lawyer in the category of employment law since 2007, with the exception of 2011, and has authored articles and program materials on employment-related topics. Russell Decl. ¶¶ 3, 14, 18. She has litigated over 100 cases in federal courts, has represented parties in appeals on more than one occasion, and was co-counsel in a United States Supreme Court case. *Id.* ¶¶ 5, 6. She has also served on Oregon State Bar committees and committees of the Oregon Trial Lawyers Association. *Id.* ¶ 16.

Plaintiff seeks an hourly rate of $425 for Russell's time. Judge Acosta awarded her $360 per hour, based on the 2012 Survey's average hourly rate of $326 for attorneys with twenty-one to thirty years of experience. F&R 10. He found the $360 hourly rate reasonable based on the combination of her expertise in employment litigation and the fact that her experience put her at the lower end of the relevant experience range.[3] I agree with Judge Acosta's reasoning. Russell's expertise in employment litigation should be recognized and her years of experience put her at the lower end of the applicable range of twenty-one to thirty years. However, I believe the $360 hourly rate is still too low. I accept that the average rate is appropriate given that her years of experience are at the low end of the range. Adjusting that rate for inflation produces an hourly rate of approximately $349.[4] Still, that rate fails to account for Russell's significant experience as

---

[3] He also recited the same 2012 and 2010 cases cited in support of Crispin's rate. For the reasons discussed previously, these cases are not entirely on point because the base rate used by the court in all of these decisions was for a practitioner with less than twenty years of experience. *Marquez*, 2012 WL 2469545, at *4 (citing 2007 Survey rates for lawyers with sixteen to twenty years of experience); *Davis*, 2012 WL 1424105, at *3 (same); *Hamrick*, 2010 WL 935478, at *4 (noting the 2007 Survey rates and that at the time, Russell had sixteen years of experience).

[4] According to the Bureau of Labor Statistics, the annual rates of inflation for the years since the 2012 Survey was published are: (1) 2012 - 1.7%; (2) 2013 - 1.5%; (3) 2014 - 0.8%; (4)

an employment litigator. For that reason, I award $375 per hour for Russell's time.

III. Judd

Judd is an associate attorney at Crispin's law firm and has two years of experience practicing law. F&R at 10. He seeks an hourly rate of $200. Judge Acosta awarded an hourly rate of $185, based on the $182 average hourly rate recited by the 2012 Survey for attorneys with one to three years of experience and a "slight increase" for inflation. *Id.* I agree with Judge Acosta's use of the average rate. However, applying the inflation percentages as detailed in footnote four, an inflation-adjusted rate for hours worked in 2017 is approximately $195 per hour. I find that to be a more appropriate rate.

IV. Burnett

Burnett, a paralegal, has worked in Crispin's firm for ten years and has some unknown amount of prior experience as a paralegal assistant to the hearings division of the Oregon Bureau of Labor & Industries. F&R 11; Crispin Decl. ¶¶ 48-49. Although Plaintiff seeks an hourly rate of $185 for time spent by Burnett, Judge Acosta awarded her $135 per hour based on previous awards from 2012, inflation, and the services she provided. *Id.*

In *Chatelain*, Judge Mosman explained that judges in this district "'have noted that a reasonable hourly rate for a paralegal should not exceed that of a first year associate.'" *Chatelain*,

---

2015 - 0.7%; (5) 2016 - 2.1%. Taking the $326 average rate to start, and increasing it by these percentages each year, produces an hourly rate of approximately $349 for time billed in 2017. ($326 x 1.7% = $5.54 making the rate starting in 2013 $331.54; $331.54 x 1.5% = $4.97, making the rate starting in 2014 $336.51; $336.51 x 0.8% = $2.69, making the rate starting in 2015 $339.20; $339.2 x 0.7% = $2.37, making the rate starting in 2016 $341.57; $341.57 x 2.1% = $7.17, making the rate starting in 2017 $348.74). Information on rates obtained from a table showing historical Consumer Price Index for All Urban Consumers (CPI-U) at https://www.bls.gov/cpi/tables/supplemental-files/home.htm, using the percentage change from December to December.

2017 WL 6663901, at *8 (quoting *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013)). Next, he cited to the 2012 Survey to state that the average hourly rate for an attorney with one to three years of experience in Portland was $182 per hour. *Id.* He awarded $180 per hour for a paralegal with over twenty years of experience. *Id.*

While the first-year associate rate is a ceiling not a floor, Judge Mosman's opinion and his award of $180 per hour reflects his determination that the market rate for paralegals is higher than the rate awarded by Judge Acosta for Burnett's work. Burnett has at least ten years of experience. Given the rate used by Judge Mosman as a guide, I conclude that $150 per hour is a reasonable rate for Burnett who has less experience than the paralegal who billed time in *Chatelain*.

V. Calculations

In summary, I award the following hourly rates: (1) $450 for Crispin; (2) $375 for Russell; (3) $195 for Judd; and (4) $150 for Burnett. Based on the hours awarded by Judge Acosta, the sums awarded are: (1) $27,180 for Crispin based on 60.40 hours at $450/hour; (2) $6,112.50 for Russell based on 16.30 hours at $375 per hour; (3) $4,933.50 for Judd based on 25.30 hours at $195 per hour; and (4) $3,525 for Burnett based on 23.50 hours at $150 per hour. The amount awarded to Zambrano is the same as awarded by Judge Acosta: $45 based on 0.6 hours at $75 per hour. The total awarded is $41,796 in attorney's fees.

/ / /

/ / /

/ / /

/ / /

11 - OPINION & ORDER

CONCLUSION

The Court ADOPTS IN PART AND MODIFIES IN PART Magistrate Judge Acosta's Findings & Recommendation [42], and therefore, Plaintiff's motion for attorney's fees [26] and Plaintiff's cost bill [39] are granted in part and denied in part. Plaintiff is awarded $41,796 in attorney's fees and $777.44 in costs.

IT IS SO ORDERED.

DATED this 22 day of Feb, 2018.

_____
MARCO A. HERNANDEZ
United States District Judge